BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 PH
888-908-6906 FAX
hbbronson@bronsonlaw.net
*Proposed Counsel to Debtor and*
*Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

    Winwood-Homosassa 3, LLC,

                Debtor.

-------------------------------------------------------x

Chapter 11

Case No. :24-42148

## **DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4**

| STATE OF NEW YORK | ) |
|---|---|
| | ) ss.: |
| COUNTY OF NASSAU | ) |

I Enzo Bonura, declare as follows:

1. I am the president of Winwood Partners 3, LLC, a corporation formed under the laws of Florida, which is the managing member and owner of Winwood-Homosassa 3, LLC, (the "**Debtor**").

2. I submit this declaration (the "**Declaration**") in accordance with Local Bankruptcy Rule 1007-4, on behalf of the Debtor in connection with its petition, schedules and documents filed in connection with the petition (the "**Petition Documents**").

3. I have reviewed the Petition Documents, and I am familiar with the facts alleged and any relief requested therein.

4. The Debtor was formed on or about September 10, 2015, for the purpose of owning one-third of the property and building located at 3959 South Suncoast Blvd., Homosassa, FL 34448 (the "**Property**"). See **"Exhibit A"**-Deed.

5. Attached hereto as "**Exhibit B**" is a chart showing the complete ownership of the Property by three related entities[1] including the Debtor (the "**Owners**") that are beneficially owned by Paul Amato and Enzo Bonura, 50% each.

6. The Property was purchased for $5,900,000 on August 10, 2015, at which time CVS EGL Suncoast FL LLC (CV#03370-02) ("**CVS**"), was the tenant of the property under a long-term twenty-year lease, with options to renew, executed in June of 2003 (the "**Lease**").

7. CVS failed to renew the Lease and Debtor has been marketing the Property for Lease and sale since the Lease's expiration.

8. The Debtor in its opinion has valued the Property at approximately $3,000,000 subject to a loan and mortgage originally in the amount of $3,000,000 (the "**Loan**") in favor of Cantor Commercial Real Estate Lending, LP, which was subsequently assigned to GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2015-GSl, whose trustee is WILMINGTON TRUST, NATIONAL ASSOCIATION, serviced by Greystone Servicing Company LLC (the "**Secured Lender**").

9. The Property's principal tenant was CVS Pharmacy; however, it did not renew its lease.

10. On or about February 6, 2024, the Secured Lender filed a commercial foreclosure action in the Circuit Court of the Fifth Judicial Circuit, Citrus County Florida at index no. 2024-

---

[1] Debtor is owned by Winwood Partners 3, LLC (owned 100% by Enzo Bonura), Winwood-Homosassa 2, LLC is owned by Winwood Partners 2, LLC (owned 100% by Paul Amato), and Myrtle Homosassa, LLC, 100% owned by 57-32 Myrtle Avenue Corp. (owned 50% by Paul Amato and 50% by Enzo Bonura. The Debtor, Winwood-Homosassa 2, LLC and Myrtle Homosassa, LLC each own approximately 1/3 of the Property.

CA-000080-A, stating that the Owners of the Property were in default on the Loan, in part because of the bankruptcy filing of Paul Amato.

11. Myrtle Homosassa, LLC, filed for relief under Chapter 11 of the bankruptcy code on March 20, 2024, in the Eastern District of New York because three other affiliated cases are pending there.[2]

12. After the filing by Myrtle Homosassa, LLC it became clear that the other one-third Owners the Debtor and Winwood-Homosassa 2, LLC, would also need to file in order to be able to effectively reorganize through a sale or lease of the Property. The Debtor and Winwood-Homosassa 2, LLC each filed under Chapter 11 of the bankruptcy code on May 22, 2024, in the Eastern District of New York.

13. All facts set forth in this Declaration are based upon my: (i) personal knowledge; (ii) review of relevant documents; and (iii) opinion based upon my experience and knowledge with respect to the Debtor's operations and financial condition. All financial information submitted with this Declaration is an estimate and unaudited, unless otherwise indicated.

**BACKGROUND OF THE DEBTOR AND ITS BUSINESS**

14. The Property was acquired by the Owners (see **Exhibit B**) all beneficially owned by Paul Amato and Enzo Bonura in a complicated 1031 exchange under the tax code.

15. The long-term tenant was CVS that paid $33,732 a month in rent and did not renew its lease and left the Owners without income until they can either sell the Property or release the property and cure the defaults.

---

[2] The Burger Building (case no.: 23-40481-JMM), 57-36 Myrtle Avenue, LLC (case no.: 23-40482-JMM) and Paul Amato (case no.:23-43253-JMM)

16. Additionally, the Secured Lender is holding funds of Owners that will be used for adequate assurance payments pursuant to the Court's ruling in the Myrtle Homosassa, LLC, case.

17. The undesigned pursuant to the requirements of LR 1007-4 states as follows:

    a. **Whether the Debtor is a small business debtor LR 1007-4(a)(i) and whether the Debtor is a single asset real estate debtor within the meaning of Bankruptcy Code Section 101(51D) LR 1007-4(a)(ii).**

18. The Debtor is not a small business within the meaning of Bankruptcy Code § 101(51D). The Debtor is a single asset real estate debtor.

    b. **Debtor's business and circumstances leading to the Debtor's filing. LR 1007-4(a)(iii).**

19. The Owners fell behind on mortgage payments when the long-term tenant, CVS did not renew the Lease. The Owners are seeking a replacement tenant and pursuing the possibility of a sale.

20. The Debtor believes the Property is worth approximately $3,000,000 of which it owns one third with the other two thirds owned as set forth in the organizational chart attached as Exhibit B.

    c. **In a case commenced under chapter 7, 12 or 13, the name and address of any trustee appointed in the case and, in a case originally commenced under chapter 7, the names and addresses of the members of any creditors' committee elected under Bankruptcy Code § 705. LBR 1007-4(a)(iv).**

21. This case was not commenced under Chapter 7, 12 or 13.

    d. **The names and addresses of the members of, and professionals employed by, any committee organized prior to the order for relief in the chapter 11 case, and a description of the circumstances surrounding the formation of the committee and the date of its formation. LBR 1007-4(a)(v).**

22. No committee has been organized prior to the order for relief in this chapter 11 case.

    e. **The 20 largest general unsecured claims, excluding insiders: name, address, telephone number, names of persons familiar with the debtor's account, amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured. LBR 1007-4(a)(vi).**

23. The Debtor has no unsecured creditors.

    f. **The 5 largest secured claims: name, address, amount of the claim, a description and an estimate of the value of the collateral securing the claim and whether the claim or lien is disputed. LBR 1007-4(a)(vii).**

24. The only secured creditor known to the Debtor is the mortgage holder previously listed as:

| Creditor | Amount Owed |
|---|---|
| **WILMINGTON TRUST, NATIONAL** ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF THE REGISTERED HOLDERS OF GS MORTGAGE SECURITIES CORPORATION II, COMMERCIAL MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2015-GSl, acting by and through its special servicer, Greystone Servicing Company LLC, a Delaware limited liability company, | $2,549,647 |

The Debtor disputes the debt as to amount and is unsure of the actual amount owed since the Secured Lender in its foreclosure lawsuit only refers to the original amount of the loan even though it's been paid down for nine years.

    g. **A summary of the debtor's assets and liabilities. LBR 1007-4(a)(viii).**

25. The Debtor's major asset is the Property. "**Exhibit C**" lists the Debtor's assets and liabilities.

    h. **The number and classes of shares of stock, debentures, or other securities of the debtor that are publicly held. LBR 1007-4(a)(ix)**

21. No interests or shares of the Debtor are publicly held. The sole beneficial owner is Enzo Bonura, who owns 100% of the shares.

    i.  **A list of all of the debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity. LBR 1007-4(a)(x).**

22. The Secured Lender is holding funds in a suspense account that it collected from the tenant.

    j.  **A list of the premises owned, leased, or held under any other arrangement from which the debtor operates its business. LBR 1007-4(a)(xi)**

23. The Property is managed by Messers. Amato and Bonura from their homes.

    k.  **The location of the debtor's significant assets, the location of its books and records and the nature, location, and value of any assets held by the debtor outside the territorial limits of the United States. LBR 1007-4(a)(xii).**

24. Debtor's principal asset is the Property located at 3959 South Suncoast Blvd., Homosassa, FL. Its books and records are kept at the principals' homes in Franklin Square, New York.

    l.  **The nature and present status of each action or proceeding, pending or threatened, against the debtor or its property where a judgment against the debtor or a seizure of its property may be imminent. LBR 1007-4(a)(xiii).**

25. The only action pending against the Debtor is the Foreclosure Action set forth above.

    m.  **The names of the debtor's existing senior management, their tenure with the debtor, and a summary of their relevant responsibilities and experience. LBR 1007-4(a)(xiv).**

26. Enzo Bonura is the managing member and 100% beneficial owner of the Debtor.

    n.  **The estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, partners and members) for the 30-day period following the filing of the chapter 11 petition. LBR 1007-4(a)(xv).**

27. There are no employees of the Debtor.

    o.  **The amount paid and proposed to be paid for services for the 30-day period following the filing of the chapter 11 petition to (A) Officers and directors. LBR 1007-4(a)(xvi).**

28. None.

    p.  **A Schedule for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, and any other information relevant to an understand of the foregoing. LBR 1007-4(a)(xvii).**

29. Attached hereto as "<u>**Exhibit D**</u>".

    q.  **A schedule of the debtor's current insurance policies, including the identity of the insurer, policy period and type of insurance for each insurance policy listed.**

30. Attached hereto as **"<u>Exhibit E</u>"**.

    r.  **A schedule of the Debtor's bank accounts, including the name and address of the banking institution where the accounts are held, the name on the account, and the nature of the account for each bank account listed; and**

31. The Debtor does not have a bank account.

    s.  **Such additional information as may be necessary to fully inform the Court of the debtor's rehabilitation prospects. LBR 1007-4(a)(xx).**

**<u>The First-Day Motions</u>**

32. The Debtor will not be filing any "First Day Motions", the only one necessary would be the use of cash collateral which has been addressed in the filing of owner Myrtle Homosassa, LLC.

    Pursuant to 28 USC section 1746, I declare under penalty of perjury that the foregoing is true and correct.

**Dated: May 29, 2024**

                                  <u>/s/*Enzo Bonura*</u>
                                    Enzo Bonura

**EXHIBIT A**

**DEED**

Consideration: $5,900,000.00
Tax Parcel Identification Number:
17E19S220010 00230 0010

PREPARED BY AND RETURN TO:
Akerman LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103
Attn: Kenneth Gordon

S: 746457
st American Title Ins. Co.
6 Third Avenue, 5th Floor
w York, NY 10017

E-RECORDED    simplifile
ID: 2015049514
County: Citrus
Date: 10-22-15  Time: 4:04 PM

# SPECIAL WARRANTY DEED

The name of each person who executed, witnessed or notarized this document must be legibly printed, typewritten or stamped immediately beneath the signature of each person.

THIS INDENTURE, made this __21__ day of October, 2015, by and between

**HOMOSASSA REALTY LLC**

a limited liability company existing under the laws of the State of Delaware, whose mailing address is:

c/o the Goldberg Group, 1 North Broadway, Suite 400, White Plains, New York 10601

hereinafter referred to as the **GRANTOR**, to

**WINWOOD-HOMOSASSA 2, LLC**

a limited liability company existing under the laws of the State of Delaware, whose mailing address is:

957 Lorraine Drive, Franklin Square, New York 11010, as to a 33.33% interest as a tenant-in-common;

**WINWOOD-HOMOSASSA 3, LLC**

a limited liability company existing under the laws of the State of Delaware, whose mailing address is:

957 Lorraine Drive, Franklin Square, New York 11010, as to a 33.33% interest as a tenant-in-common;



**MYRTLE-HOMOSASSA, LLC**

a limited liability company existing under the laws of the State of Delaware, whose mailing address is:

957 Lorraine Drive, Franklin Square, New York 11010, as to a 33.34% interest as a tenant-in-common;

hereinafter collectively referred to as the **GRANTEE**

WITNESSETH, that the said GRANTOR, for and in consideration of the sum of Five Million Nine Hundred Thousand dollars ($5,900,000.00) and other good and valuable consideration, to it in hand paid by GRANTEE, receipt whereof is hereby acknowledged, has granted, bargained, conveyed and sold to the said GRANTEE forever, the following described land situate, lying and being in the County of Citrus, State of Florida, to wit:

See Exhibit "A" attached hereto and by this reference made a part hereof.

SUBJECT TO covenants, restrictions, easements of record and taxes for the current year.

Tax Parcel Identification Number: 17E19S220010 00230 0010

TOGETHER WITH all the tenements, hereditaments and appurtenances belonging or in any way appertaining to the Property.

TO HAVE AND TO HOLD the same in fee simple forever.

And Grantor hereby covenants with Grantee that Grantor is lawfully seized of the Property in fee simple; that Grantor has good right and lawful authority to sell and convey the Property; and that Grantor does hereby fully warrant the title to the Property and will defend the same against lawful claims of all persons claiming by, through or under Grantor, but against none other.

WITNESS WHEREOF, the said GRANTOR has caused these presents to be signed in its
e by its ___Manager___ and its corporate seal to be affixed, attested by its
___Counsel___ the day and year above written

ed, Sealed and Delivered in Our Presence:

___[signature]___
ESS SIGNATURE

___Michael Podolsky___
OR PRINT WITNESS' NAME

___[signature]___
ESS SIGNATURE

___Stewart Wolf___
OR PRINT WITNESS' NAME

est: _____
ne:
e:

**HOMOSASSA REALTY LLC**

By: ___[signature]___
Name: Joshua Goldberg
Title: Manager

ATE OF NEW YORK

UNTY OF __WESTCHESTER__

e foregoing instrument was acknowledged before me this __15th__ day of October, 2015, by
hua Goldberg, Manager, of **HOMOSASSA REALTY LLC** as a duly authorized act for and
behalf of said Delaware limited liability company. He/she is personally known to me or has
duced _____ as identification and did/did not take an oath.

___Melania P. Cartagena___
Notary Public, State of New York

__MELANIA P. CARTAGENA__
TYPE OR PRINT NAME OF OFFICER TAKING ACKNOWLEDGMENT

tary expiration date: 12/24/16

*Notary Seal*

MELANIA P. CARTAGENA
Notary Public, State of New York
No. 01CA6273995
Qualified in Westchester County
Commission Expires December 24, 2016

IN WITNESS WHEREOF, the said GRANTOR has caused these presents to be signed in its name by its ____Manager____ and its corporate seal to be affixed, attested by its ____Counsel____ the day and year above written

Signed, Sealed and Delivered in Our Presence:

_____
WITNESS SIGNATURE

Michael Podolsky
TYPE OR PRINT WITNESS' NAME

_____
WITNESS SIGNATURE

Stewart Wolf
TYPE OR PRINT WITNESS' NAME

Attest: _____
Name:
Title:

HOMOSASSA REALTY LLC

By: _____
Name: Joshua Goldberg
Title: Manager

STATE OF NEW YORK

COUNTY OF WESTCHESTER

The foregoing instrument was acknowledged before me this 15th day of October, 2015, by Joshua Goldberg, Manager, of **HOMOSASSA REALTY LLC** as a duly authorized act for and on behalf of said Delaware limited liability company. He/she is personally known to me or has produced _____ as identification and did/did not take an oath.

_____
Notary Public, State of New York

MELANIA P. CARTAGENA
TYPE OR PRINT NAME OF OFFICER TAKING ACKNOWLEDGMENT

Notary expiration date: 12/24/16

*Notary Seal*

MELANIA P. CARTAGENA
Notary Public, State of New York
No. 01CA6273995
Qualified in Westchester County
Commission Expires December 24, 2016

# EXHIBIT A

## LEGAL DESCRIPTION

### EXHIBIT "A"
#### Legal Description

Lots 1 through 19, Block 23, PLAT OF UNIT NO. 1 OF HOMOSASSA, as recorded in Plat Book 1, Page 43, of the public records of Citrus County, Florida, together with the vacated alleys in said Block 23, as vacated by Resolution recorded in Minute Book 13, Page 118, of said public records, and LESS and EXCEPT any portion of said lots lying within 60 feet of the centerline of U.S. Highway 19. Said Parcel also being described as follows:

Commencing at the Northwest corner of Block 23, PLAT OF UNIT NO. 1 OF HOMOSASSA, as recorded in Plat Book 1, Page 43, of the public records of Citrus County, Florida; said point lying on the Southerly right-of-way line of Aquaduct St. (Seventh St. per plat); thence along said South right-of-way line and the North boundary of said Block 23, North 89°18'24" East, 9.99 feet to the Point of Beginning of the herein described Parcel; thence continue along said South right-of-way line and North boundary, North 89°26'35" East, 250.15 feet to a point on the North boundary of said Block 23; thence South 43°56'31" East, 14.15 feet to a point on the West right-of-way line of Pittsburgh Ave. (Pennsylvania Ave. per plat), said point also lying on the East boundary of said Block 23; thence along said West right-of-way line and East boundary, South 00°30'41" East, 224.72 feet to a point on the East boundary of said Block 23; thence South 44°33'20" West, 14.09 feet to a point on the North right-of-way line of Grover Cleveland Blvd., said point also lying on the South boundary of said Block 23; thence along said North right-of-way line and said South boundary, South 89°32'27" West, 250.33 feet to a point on the South boundary of said Block 23; thence North 45°26'01" West, 14.14 feet to a point on the East right-of-way line of U.S. 19 (Broadway Ave. per plat), said point also lying on the West boundary of said Block 23; thence along said East right-of-way line and said West boundary, North 00°24'30" West, 224.45 feet to a point on the West boundary of said Block 23; thence North 44°19'22" East, 14.19 feet to the Point of Beginning.

**EXHIBIT B**
**Organizational Chart**

# ORG. CHART

| WINWOOD PARTNERS 2, LLC<br>FLORIDA<br>100% OWNED BY PAUL AMATO | WINWOOD PARTNERS 3, LLC<br>FLORIDA<br>100% OWNED BY ENZO BONURA | 57-32 MYRTLE AVENUE CORP.<br>NY<br>50% OWNED BY ENZO BONURA AND PAUL AMATO |
|---|---|---|
| ↓ 100% | ↓ 100% | ↓ 100% |
| WINWOOD-HOMOSASSA 2, LLC<br>DELAWARE<br>100% OWNED BY PAUL AMATO<br>33.33%<br>**T/C INTEREST**<br>FORMED: 9/10/15 | WINWOOD-HOMOSASSA 3, LLC<br>DELAWARE<br>100% OWNED BY ENZO BONURA<br>**33.33%**<br>T/C INTEREST<br>FORMED: 9/10/15 | MYRTLE-HOMOSASSA, LLC<br>*DELAWARE*<br>50% OWNED BY ENZO BONURA AND PAUL AMATO<br>33.34%<br>T/C INTEREST<br>9/10/15 |

*EIN's PENDING APPLCATIONS*

# EXHIBIT C

## ASSETS AND LIABILITIES

**Assets:**

   Real Property:        $3,000,000 (Debtor's principal's estimate of value)

---

**Total:**        $3,000,000

**Liabilities:**

  **Secured**
     Mortgage        $2,549,647
  **Unsecured**
                     **$ 0**

---

**Total:**        **$2,549,647**

                     **Net: $450,353**

**EXHIBIT D**

**SCHEDULE OF ANTICIPATED CASH RECEIPTS AND DISBURSEMENTS FOR THE THIRTY DAY PERIOD FOLLOWING FILING OF THE CHAPTER 11 PETITION**

| | |
|---|---|
| **Income** | $ 0 |
| **Expenses** | |
| Mortgage | $ 19,350 |
| **Total** | **$ 19,350** |

**EXHIBIT E**

**INSURANCE**

| Name of Insurance Co. | Policy Period | Type of Insurance |
|---|---|---|
| Grand Insurance Agency | 1/17/2024 to 1/17/2025 | General Liability and Property |