UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                                          Chapter 11

WINWOOD-HOMOSASSA 3, LLC,                            Case No. 1-24-42148-jmm

                Debtor.
-------------------------------------------------------x

**ORDER GRANTING RELIEF FROM THE AUTOMATIC
STAY AS TO WILMINGTON TRUST, NATIONAL ASSOCIATION,
AS TRUSTEE, FOR THE BENEFIT OF THE REGISTERED HOLDERS
OF GS MORTGAGE SECURITIES CORPORATION II, COMMERCIAL
<u>MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2015-GS1</u>**

THIS CASE came before this Court, without a hearing, upon the Order Approving Stipulation Between Debtor and Wilmington Trust National Association as Trustee for Entry of Order Conditionally Granting Relief from the Automatic Stay [ECF No. 23] (the "Order") and the Declaration of Non-Compliance [ECF No. 35] filed with this Court on October 18, 2024 (the "Declaration"), and the Court, having reviewed the Declaration, considering Debtor's failure to comply with the terms of the Order, and otherwise being fully advised in the premises, finds that relief from stay is due to be granted. Accordingly, it is

**ORDERED**, relief from the automatic stay imposed by 11 U.S.C. § 362 by virtue of the voluntary petition for relief filed by Debtor Winwood-Homosassa 3, LLC ("Debtor") under Chapter 11 of Title 11 is hereby **GRANTED** to Lender, on the terms set forth herein, due to the failure of the Debtor to comply with the terms of the Order. The automatic stay is modified with respect to the property commonly known as 3959 S. Suncoast Blvd., Homosassa, FL 34448, more particularly described as:

        THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN
        THE COUNTY OF CITRUS, STATE OF FLORIDA, AND IS
        DESCRIBED AS FOLLOWS:

LOT 1 THROUGH 19, BLOCK 23, PLAT OF UNIT NUMBER 1 OF HOMOSASSA, AS RECORDED IN PLAT BOOK 1, PAGE 43, OF THE PUBLIC RECORDS OF CITRUS COUNTY, FLORIDA, TOGETHER WITH THE VACATED ALLEYS IN SAID BLOCK 23, AS VACATED BY RESOLUTION RECORDED IN MINUTE BOOK 13, PAGE 118, OF SAID PUBLIC RECORDS, AND LESS AND EXCEPT ANY PORTION OF SAID LOTS LYING WITHIN 60 FEET OF THE CENTERLINE OF U.S. HIGHWAY 19. SAID PARCEL ALSO BEING DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF BLOCK 23, PLAT OF UNIT. NO. 1 OF HOMOSASSA, AS RECORDED IN PLAT BOOK 1, PAGE 43, AT THE PUBLIC RECORDS OF CITRUS COUNTY, FLORIDA; SAID POINT LYING ON THE SOUTHERLY RIGHT-OF-WAY LINE OF AQUADUCT ST. (SEVENTH ST. PER PLAT); THENCE ALONG SAID SOUTH RIGHT-OF-WAY LINE AND THE NORTH BOUNDARY OF SAID BLOCK 23, NORTH 89°18'24" EAST, 9.99 FEET TO THE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE CONTINUE ALONG SAID SOUTH RIGHT-OF-WAY LINE AND NORTH BOUNDARY, NORTH 89°26'35" EAST, 250.15 FEET TO A POINT ON THE NORTH BOUNDARY OF SAID BLOCK 23; THENCE SOUTH 43°56'31" EAST, 14.15 FEET TO A POINT ON THE WEST RIGHT-OF-WAY LINE OF PITTSBURGH AVE. (PENNSYLVANIA AVE. PER PLAT), SAID POINT ALSO LYING ON THE EAST BOUNDARY OF SAID BLOCK 23; THENCE ALONG SAID WEST RIGHT-OF-WAY LINE AND EAST BOUNDARY, SOUTH 00°30'41" EAST, 224.72 FEET TO A POINT ON THE EAST BOUNDARY OF SAID BLOCK 23; THENCE SOUTH 44°33'20" WEST, 14.09 FEET TO A POINT ON THE NORTH RIGHT-OF-WAY LINE OF GROVER CLEVELAND BLVD., SAID POINT ALSO LYING ON THE SOUTH BOUNDARY OF SAID BLOCK 23; THENCE ALONG SAID NORTH RIGHT-OF-WAY LINE AND SAID SOUTH BOUNDARY, SOUTH 89°32'27" WEST, 250.33 FEET TO A POINT ON THE SOUTH BOUNDARY OF SAID BLOCK 23; THENCE NORTH 45°26'01" WEST, 14.14 FEET TO A POINT ON THE EAST RIGHT-OF-WAY LINE OF U.S. 19 (BROADWAY AVE. PER PLAT), SAID POINT ALSO LYING ON THE WEST BOUNDARY OF SAID BLOCK 23; THENCE ALONG SAID EAST RIGHT-OF-WAY LINE AND SAID WEST BOUNDARY, NORTH 00°24'30" WEST, 224.45 FEET TO A POINT ON THE WEST BOUNDARY OF SAID BLOCK 23; THENCE NORTH 44°19'22" EAST, 14.19 FEET TO THE POINT OF BEGINNING.

(together with the personal property of the Debtor, the "Property") for the purpose of providing complete *in rem* relief to Lender to take any and all steps necessary to exercise any and all rights Lender may have as to the Property including, without limitation, the scheduling and holding of a foreclosure sale through the issuance of a certificate of title, to gain possession of said Property following a foreclosure sale, if appropriate under state law, and to have such other and further *in rem* relief as is just and proper provided under state law provided, however, that Lender shall not seek *in personam* relief against the Debtor except through this bankruptcy case.

**ORDERED**, that the 14-day stay period provided for by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby **WAIVED**.

Dated: October 22, 2024
Brooklyn, New York



Jil Mazer-Marino
United States Bankruptcy Judge

3